PARFUMS WEIL PARIS, INC. *v.* UNITED STATES

**No. 5207.**—Invoices dated Gablonz, Czechoslovakia, September 25, 1937, etc.
Certified September 27, 1937, etc.
Entered at New York October 9, 1937, etc.
Entry Nos. 90715, etc.

(Decided April 10, 1941)

*Puckhafer, Rode & Rode* (*John D. Rode* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed by and between Charles D. Lawrence, Acting Assistant Attorney General, attorney for the defendant, and Puckhafer, Rode & Rode, attorneys for the plaintiff, subject to the approval of the court, that the merchandise covered by the reappraisements enumerated above and represented by the items marked "A" on the invoices and checked by the Examiner W. R. S., W. R. Shapiro, consists of bottles similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc.*, decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated above is the same as the issue involved in the case of *United States* v. *Guerlain, Inc.*, supra.

It is further stipulated and agreed that the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind, is the invoiced unit values less 5% less 2% plus cases and packing.

It is further agreed that the reappraisements are limited to the items of merchandise marked by the Examiner as indicated above and initialed by him, and the reappraisements are abandoned as to all other claims.

It is further affirmed by the undersigned John D. Rode, member of the firm of Puckhafer, Rode & Rode, counsel for the plaintiff, that the reappraisements covered by this stipulation have been examined, and he certifies that said reappraisements have been duly signed and filed within the statutory time.

The reappraisements are submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented by the items marked A on the invoices and checked by the examiner W. R. S., W. R. Shapiro, and that such values are the invoiced unit values less 5 per centum, less 2 per centum, plus cases and packing.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.